IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL LEVISAY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.:  17-248 |
| | § | |
| ASSURANT, INC, | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant The Signal, L.P., incorrectly named as Assurant, Inc. ("Defendant"),[1] files this Notice of Removal of the above-entitled action from the 393rd Judicial District Court of Denton County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division.  In support of this Notice of Removal, Defendant shows the Court as follows:

## I.    PROCEDURAL OVERVIEW

1.    On February 24, 2017, Plaintiff Michael Levisay ("Plaintiff") filed his Original Petition, Jury Demand, and Request for Disclosure in the 393rd Judicial District Court of Denton County, Texas, styled *Michael Levisay v. Assurant Inc.*, Cause No. 17-1593-393 (the "State Court Action").

2.    In accordance with 28 U.S.C. § 1446(a), the Appendix in support of Defendant's Notice of Removal ("APP."), filed concurrently herewith, contains true and correct copies of all process, pleadings and orders served upon Defendant in the State Court

---

[1] Assurant, Inc. is an improperly named party to this litigation as The Signal, L.P. is the legal entity that operates the facility in question.  Defendant does not object to Plaintiff amending his Petition to identify the correct part.  To the extent an answer is required, Assurant, Inc. adopts the answer and defenses set forth herein by The Signal, L.P.

Action; an index of all documents identifying each document and corresponding date each document was filed; and a certified copy of the state court docket sheet. *See* APP. 1-3.

3.     On March 13, 2017, Defendant was served with a copy of Plaintiff's Original Petition, Jury Demand, and Request for Disclosure. *See* APP. 4-12.

4.     On April 7, 2017, Defendant timely filed its Verified Original Answer and Affirmative Defenses to Plaintiff's Original Petition in the State Court Action. *See* APP. 20-25.

5.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after Defendant first received a copy of Plaintiff's Petition.

6.     Removal is proper to this Federal District Court and division because it embraces Denton County, Texas, the place in which the State Court Action is pending. *See* 28 U.S.C. § 116(c).

7.     Plaintiff has demanded a jury.

8.     As required by 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of it with the Clerk of the 393rd Judicial District Court of Denton County.

## II.     GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

9.     This Court has subject-matter jurisdiction over Plaintiff's claim based on diversity jurisdiction. *See* 28 U.S.C. § 1332.   Diversity jurisdiction exists because the amount in controversy exceeds $75,000.00 and this is a dispute between citizens of different states. *See* 28 U.S.C. § 1332.

### A.     The Parties are Diverse.

10.     Plaintiff is a resident of Denton County, Texas. *See* APP. 5, ¶ 3. Defendant is a limited partnership organized under the laws of the State of Pennsylvania, and its

principal place of business is located in Wayne, Pennsylvania.   *See* <u>Exhibit 9,</u> APP. 26,

Declaration of Jeremy Purvis, ¶ 3.   A corporation is a citizen of both the state where it is

incorporated and the state where it has its principal place of business.   28 U.S.C. §

1332(c)(1).  Thus, there is diversity of citizenship between Plaintiff and Defendant.

> **B.    The Amount in Controversy Exceeds $75,000.**

11.    Plaintiff specifically pleads that he seeks "monetary relief over $200,000 but

not more than $1,000,000."  *See* APP. 5, ¶ 2.   Therefore, it is evident on the face of the

Petition that the amount in controversy exceeds $75,000.

12.    Even without Plaintiff's admission that he seeks damages in excess of

$75,000, it is evident that the available damages exceed the threshold.  Plaintiff pleads that

he seeks "lost wages and benefits (past and future)... compensatory damages in the form of

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life...

attorneys' fees, experts' fees, and costs... [and] compensatory and punitive damages[.]"  *See*

APP. 9, ¶¶ 43-46.  Plaintiff also seeks attorneys' fees and compensatory damages, which

increase the total amount of sought-after relief well above the statutory minimum.  *H&D*

*Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).

13.    This Court—and others District Courts in Texas—have frequently

determined that suits under Chapter 21 of the Texas Labor Code that seek front pay, back

pay, compensatory damages, and attorneys' fees are removable because it was "facially

apparent" that claims for these damages could exceed $75,000.00, even if the amount in

controversy is not specified by the petition.  *See Thomas v. Speedfam-Ipec Corp.*, No. 3:02-

CV-1054, 2003 U.S. Dist. LEXIS 11002, at *4 (N.D. Tex. June 19, 2003) (holding that it was

facially apparent amount in controversy exceeded jurisdictional limit when plaintiff sued

for reinstatement, lost earnings, compensatory damages, and punitive damages under

Texas Labor Code); *see also Acosta v. Drury Inns, Inc.,* 400 F. Supp.2d 916 (W.D. Tex 2005)

(holding that it was facially apparent claim exceeded jurisdictional limits, because plaintiff sued for actual damages, compensatory damages, emotional distress, punitive damages and attorneys' fees under Texas Labor Code Chapter 21, even though petition did not state amount plaintiff sought); *Fuentes v. Union Pacific R.R. Co.*, 2006 WL 506048 (W.D. Tex. Feb. 14, 2006)  (holding that it was facially apparent amount in controversy exceeded $75,000.00 in suit for compensatory damages and attorneys' fees under Texas Labor Code Chapter 21, even though plaintiff specifically pleaded for recovery not to exceed $74,000.00).

14.     The Fifth Circuit has also found that a request for punitive damages by itself can support a finding that it is facially apparent that the amount-in-controversy exceeds the jurisdictional amount.  *Allen v. R & H. Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). Here, Plaintiff has requested punitive damages.  *See* APP. 9.

15.     In addition to seeking actual and exemplary damages, Plaintiff also seeks attorneys' fees.  The Fifth Circuit has held that if attorneys' fees are recoverable under statutory authority, then those fees are included in determining the total amount in controversy for purposes of establishing diversity jurisdiction.  *See H&D Tire*, 227 F.3d at 330.    Under the Texas Labor Code, attorneys' fees are recoverable for claims of discrimination and retaliation.  *See* TEX. LAB. CODE § 21.259.  Consequently, attorneys' fees must be included when determining the amount in controversy.  Because Plaintiff has pled actual damages, exemplary damages, and attorneys' fees recoverable under the statutory authority, it is "facially apparent" from the Petition that the amount in controversy exceeds $75,000.  Defendant has therefore demonstrated by a preponderance of the evidence that the amount-in-controversy requirement is satisfied.

## III. CONCLUSION AND PRAYER FOR RELIEF

16. For the reasons shown above, this lawsuit may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. For the foregoing reasons, Defendant respectfully requests that this Court assume jurisdiction over this civil action and proceed with its handling as if it had been originally filed in the United States District Court for the Eastern District of Texas, Sherman Division.

Respectfully submitted,

By: */s/ Vicki L. Gillette*
       Vicki L. Gillette
       State Bar No. 08957325
       Jamie Lauren Strickler
       State Bar No. 24071192
       LITTLER MENDELSON, P.C.
       2001 Ross Avenue
       Suite 1500, Lock Box 116
       Dallas, Texas 75201.2931
       Telephone: (214) 880-8100
       Telecopy: (214) 880-0181
       vgillette@littler.com
       jstrickler@littler.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this document has been served on counsel of record, according to the Federal Rules of Civil Procedure, on April 12, 2017.

Evan B. Lange
Robert J. Wiley
THE LAW OFFICES OF ROB WILEY, P.C.
2613 Thomas Ave.
Dallas, Texas 75204
Telephone:  (214) 528-6500
Facsimile: (214) 528-6511
elange@robwiley.com

***Attorneys for Plaintiff***

 */s/ Vicki L. Gillette*
Vicki L. Gillette
Jamie Lauren Strickler