**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **MICHAEL LEVISAY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.:** |
| | § | |
| **ASSURANT INC,** | § | |
| | § | |
| *Defendant.* | § | |

**APPENDIX IN SUPPORT OF**
**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446 and L.R. CV-81, in support of its Notice of Removal, Defendant provides the Court with the attached documentation:

| EXHIBIT | DATE | DESCRIPTION | APPENDIX NO. |
|---|---|---|---|
| 1 | 04/07/2017 | Judicial Docket Entries – Case Summary | APP. 1-3 |
| 2 | 02/24/2017 | Plaintiff's Original Petition, Jury Demand, and Request for Disclosure | APP. 4-12 |
| 3 | 02/24/2017 | Civil Case Information Sheet | APP. 13 |
| 4 | 02/27/2017 | Record/Copy Request | APP. 14 |
| 5 | 03/01/2017 | Request for Issuance of Citation | APP. 15 |
| 6 | 03/02/2017 | Citation | APP. 16 |
| 7 | 03/23/2017 | Service Returned | APP. 17-19 |
| 8 | 04/07/2017 | Defendant's Original Answer | APP. 20-25 |
| 9 | 04/10/2017 | Declaration of Jeremy Purvis | APP. 26 |

Respectfully submitted,

By: */s/ Vicki L. Gillette*
Vicki L. Gillette
State Bar No. 08957325
Jamie Lauren Strickler
State Bar No. 24071192
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201.2931
Telephone: (214) 880-8100
Telecopy: (214) 880-0181
vgillette@littler.com
jstrickler@littler.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served on counsel of record, according to the Federal Rules of Civil Procedure, on April 12, 2017.

Evan B. Lange
Robert J. Wiley
THE LAW OFFICES OF ROB WILEY, P.C.
2613 Thomas Ave.
Dallas, Texas 75204
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
elange@robwiley.com

***Attorneys for Plaintiff***

*/s/ Vicki L. Gillette*
Vicki L. Gillette
Jamie Lauren Strickler

# EXHIBIT 1

# *Judicial Docket Entries*

***Cause No. 17-1593-393***

| | |
|---|---|

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK
4/7/17
By:
Date
Deputy Clerk

# CASE SUMMARY
## CASE NO. 17-1593-393

Michael Levisay VS. Assurant Inc. § § § §

Location: **393rd Judicial District Court**
Judicial Officer: **Robison, Douglas**
Filed on: **02/24/2017**

### CASE INFORMATION

Case Type: **Discrimination**

Case Status: **02/24/2017 Active**

### DATE — CASE ASSIGNMENT

**Current Case Assignment**

| | |
|---|---|
| Case Number | 17-1593-393 |
| Court | 393rd Judicial District Court |
| Date Assigned | 02/24/2017 |
| Judicial Officer | Robison, Douglas |

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Levisay, Michael** | **Lange, Evan E.**<br>*Retained*<br>214-528-6511(F)<br>214-528-6500(W) |
| **Defendant** | **Assurant Inc.** | **Gillette, Vicki L.**<br>*Retained*<br>214-880-0181(F)<br>214-880-8100(W) |

### DATE — EVENTS & ORDERS OF THE COURT

| Date | Event |
|---|---|
| 02/24/2017 | Plaintiff's Original Petition<br>*Jury Demand, and Request for Disclosure* |
| 02/24/2017 | Case Information Sheet |
| 02/27/2017 | Record/Copy Request |
| 03/01/2017 | Request for Issuance of<br>*Citation* |
| 03/02/2017 | **Citation**<br>Assurant Inc.<br>Served: 03/06/2017<br>Return Date/Time: 03/23/2017<br>*eserved in 15634854* |
| 03/23/2017 | Service Returned<br>*-Citation by Certified Mail Return Receipt Requested through the Secretary of State; Assurant* |
| 04/07/2017 | Defendant's Original Answer<br>*& Affirmative Defenses*<br>Filed by: Defendant Assurant Inc. |

### DATE — FINANCIAL INFORMATION

**Plaintiff** Levisay, Michael
Total Charges 290.00

DISTRICT COURT ★ COUNTY OF DENTON, TEXAS

| | | | | |
|---|---|---|---|---|
| | Total Payments and Credits | | | 290.00 |
| | **Balance Due as of 4/7/2017** | | | **0.00** |
| 02/27/2017 | Charge | | Plaintiff Levisay, Michael | 282.00 |
| 02/27/2017 | TexFile Payment | Receipt # 2017-5523 | Plaintiff Levisay, Michael | (282.00) |
| 03/01/2017 | Charge | | Plaintiff Levisay, Michael | 8.00 |
| 03/01/2017 | TexFile Payment | Receipt # 2017-5919 | Plaintiff Levisay, Michael | (8.00) |

CERTIFIED A TRUE AND CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK
4/7/17
Date
By [signature] Deputy Clerk

# EXHIBIT 2

FILED: 2/24/2017 4:57:37 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Kelly Smith, Deputy

NO. 17-1593-393

| | | |
|---|---|---|
| **MICHAEL LEVISAY** | § | |
| **Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **________ JUDICIAL DISTRICT** |
| | § | |
| **ASSURANT INC.,** | § | **DENTON COUNTY, TEXAS** |
| **Defendant** | § | |
| | § | |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

Michael Levisay sues Assurant for disability discrimination and retaliation because Assurant fired him for requesting to wear his diabetic medical identification necklace. Mr. Levisay wears the medical necklace to alert first responders to his condition if he becomes unconscious during a diabetic episode. This became an issue while working at Assurant because Assurant used metal detectors for loss prevention. Mr. Levisay's necklace would set off these detectors. Instead of allowing Mr. Levisay to wear his medical ID necklace, they asked him to remove the necklace while at work, endangering his life. More than once Mr. Levisay asked for a reasonable accommodation to wear the necklace, and Assurant denied this request more than once. Eventually the situation caused Mr. Levisay to become depressed, and he requested an accommodation to treat his depression. Again, Assurant denied this accommodation and subsequently fired him.

## I. DISCOVERY CONTROL PLAN & CLAIM FOR RELIEF

1. Plaintiff intends that this suit be governed by Discovery Control Level Two and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff requests injunctive relief and monetary relief over $100,000.

2. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 and nonmonetary relief.

## II. PARTIES, JURISDICTION, AND VENUE

3. Plaintiff, Michael Levisay, is an individual who resides in Denton County, Texas.

4. Assurant is a Georgia corporation with its principal place of business in Georgia that transacts business in Texas and this proceeding arises out of that business which Acadia conducted in Texas. Pursuant to Texas Civ. Prac. & Rem. Code §§17.044(a)(1), §17.044(b), and §17.045(a), Defendant may be served with process by serving the Secretary of State at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.

5. Personal jurisdiction over Defendant Assurant is appropriate because at all times relevant to Plaintiff's claims, Defendant Assurant was doing business in the State of Texas as defined by the Texas Long Arm Statute, contained in Section 17.042 of the Texas Civil Practice and Remedies Code, by recruiting Texas residents for employment inside the State of Texas through its various locations throughout the State of Texas including Defendant's location where Mr. Levisay was employed. Further, an exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.

6. This court has jurisdiction over this matter because it arises under the laws of the State of

DISTRICT COURT COUNTY OF DENTON, TEXAS

Texas. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

7. Venue is appropriate in this Court under Tex. Civ. Prac. & Rem. Code § 15.017 because actions giving rise to the suit took place in this county.

## III. FACTUAL BACKGROUND

8. Mr. Levisay began working for Assurant in December 2014.

9. At the time of his termination, Mr. Levisay worked for Assurant's Lewisville, Texas office.

10. Mr. Levisay has diabetes, a disability under the Labor Code.

11. To treat his diabetes, Mr. wears an insulin pump that monitors and maintains his insulin levels.

12. Mr. Levisay also wears a medical identification necklace, denoting he has diabetes, to alert healthcare providers of his condition in the event he becomes unconscious or otherwise unable to communicate.

13. The effects of a diabetic episode can be fatal, and the necklace identifying his condition could provide crucial life-saving notice to healthcare providers.

14. Mr. Levisay's medical necklace and insulin pump became an issue during his employment at Assurant.

15. Assurant used metal detectors at the location where Mr. Levisay worked for loss prevention.

16. Assurant required employees to ingress and egress through the detectors.

17. Mr. Levisay's necklace and insulin pump would set off the magnetometers.

18. Assurant required Mr. Levisay to remove the potentially life-saving medical

DISTRICT COURT COUNTY OF DENTON, TEXAS

identification necklace and leave it in his locker to avoid setting off the detector.

19. This entire process slowed Mr. Levisay's comings and goings.

20. Mr. Levisay requested a reasonable accommodation on more than one occasion to wear the necklace through the magnetometers.

21. Assurant repeatedly denied Mr. Levisay's request for this accommodation, violating the Labor Code by refusing this request.

22. On numerous occasions, Mr. Levisay asked to wear the alert because it could save his life if he had a diabetic episode at work.

23. Mr. Levisay further explained the necklace was difficult to remove by design.

24. Assurant denied Mr. Levisay's reasonable and potentially live saving request for an accommodation and refused to engage him in exploring other possible accommodation(s).

25. Mr. Levisay complained numerous times about being discriminated against and denied a reasonable accommodation.

26. However, instead of protecting Mr. Levisay, Assurant retaliated against him for opposing discrimination.

27. For example, Mr. Levisay was disciplined for engaging with Assurant's security service to explain his ongoing and well-known need for accommodation.

28. The discrimination and retaliation to which Assurant subjected Mr. Levisay took a toll on him.

29. Mr. Levisay began to suffer from depression.

30. Mr. Levisay required the accommodation of limited medical leave and an adjusted schedule to treat his depression.



31. Despite awareness of Mr. Levisay's medical needs, Assurant once again refused to accommodate his disability and terminated Mr. Levisay.

32. Eventually, Assurant terminated Mr. Levisay.

33. Assurant's stated reason for terminating him was poor attendance.

34. The true reason for Mr. Levisay's termination was his diability and his repeated requests for a reasonable accommodation.

35. Mr. Levisay's termination was discriminatory and retaliatory.

## IV. CAUSES OF ACTION

### A. TCHRA Disability Discrimination

36. Plaintiff realleges and incorporates the allegations contained in the Paragraphs above as if fully stated herein.

37. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code §§ 21.001, *et seq.*

38. Defendant is an "employer" as defined by the TCHRA in Tex. Lab. Code. § 21.002.

39. Plaintiff is an "employee" as defined by the TCHRA in Tex. Lab. Code. § 21.002.

40. Defendant subjected Plaintiff to disability discrimination when Defendant terminated him.

41. As described above, Defendant intentionally and willfully violated the TCHRA by discriminating against Plaintiff in violation of the Tex. Lab. Code. §§ 21.051, 21.106 & 21.125.

42. In illegally discriminating against Plaintiff, Defendant acted with malice and/or reckless indifference to the statutorily-protected rights of Plaintiff.



43. As a result of Defendant's violations of the TCHRA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit for which they hereby sue.

44. Plaintiff has also suffered compensatory damages in the form of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and other losses, for which Plaintiff hereby sues.

45. To redress the injuries sustained by Plaintiff on account of Defendant's discriminatory and retaliatory actions, Plaintiff has retained the undersigned counsel for representation in this action. Plaintiff therefore seeks recovery of his reasonable attorneys' fees, experts' fees, and costs.

46. As a result of these willful violations of the TCHRA, Plaintiff requests he be awarded all compensatory and punitive damages, to which he is entitled, as outlined in Tex. Lab. Code. § 21.2585, equitable and/or injunctive relief as outlined in Tex. Lab. Code. § 21.258, and attorneys' fees and costs as described in Tex. Lab. Code. § 21.259.

**B. Retaliation**

47. Plaintiff realleges and incorporates the allegations contained in the Paragraphs above as if fully stated herein.

48. Defendant intentionally retaliated against Plaintiff in violation of the Tex. Lab. Code because of his protected activities.

49. As a result of the unlawful retaliatory actions of Defendant as described above, Plaintiff has suffered, and will continue to suffer, actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits, for

DISTRICT COURT COUNTY OF DENTON, TEXAS

which he hereby sues.

50. As a result of Defendant's unlawful retaliation, Plaintiff has suffered compensatory damages by reason of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages, for which he hereby sues.

51. At all times relevant to this action, Defendant acted with malice or reckless indifference to Plaintiff's protected rights, thus entitling him to punitive damages, for which he hereby sues.

52. To redress the injuries sustained by Plaintiff on account of Defendant's retaliatory actions, Plaintiff has retained the undersigned counsel to represent him in this action. Plaintiff therefore seeks recovery of his reasonable attorneys' fees, experts' fees, and costs.

## V. JURY DEMAND

53. Plaintiff hereby makes a demand for a trial by jury on all issues, claims and defenses in this action.

## VI. REQUEST FOR DISCLOSURE

54. Defendant is requested to disclose, within 50 days of service of this request, the information and material described in Texas Rule of Civil Procedure 194.2.

## VII. PRAYER

55. WHEREFORE, Plaintiff Mr. Levisay respectfully requests that the above-named Defendant, be cited to appear in this matter and that, after jury trial by proof, he be awarded:

    i. Back pay, including but not limited to, lost wages (salary and commissions) and other employment benefits;

DISTRICT COURT ★ COUNTY OF DENTON, TEXAS

ii. Reinstatement to Plaintiff position of employment, equivalent position of employment, or the position of employment Plaintiff would have enjoyed but for the discrimination and retaliation;

iii. In the event that reinstatement is not feasible, front pay with respect to all pay and benefits Plaintiff would have received but for termination;

iv. Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

v. Actual damages;

vi. Punitive damages;

vii. Liquidated damages in the maximum amount allowed by law;

viii. Judgment against Defendant for Plaintiff's reasonable attorneys' and experts' fees; and costs of suit; and

ix. Prejudgment and post-judgment interest as allowed by law;

x. Such other and further legal and/or equitable relief to which Plaintiff may be justly entitled, as this court may deem proper.

DISTRICT COURT COUNTY OF DENTON, TEXAS

Respectfully submitted,
Date: February 24, 2017

**THE LAW OFFICES OF ROB WILEY, P.C.**
2613 Thomas Ave.
Dallas, Texas 75204
Phone: (214) 528-6500
Fax: (214) 528-6511

By: /s/ Evan B. Lange
Evan B. Lange (lead counsel)
State Bar No. 24089021
elange@robwiley.com

Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor & Employment Law*
*by the Texas Board of Legal Specialization*

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK
4/7/17 By: Deputy Clerk
Date

# EXHIBIT 3

FILED: 2/24/2017 4:57:37 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Kelly Smith, Deputy

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): 17-1593-393 COURT (FOR CLERK USE ONLY): ______

STYLED Michael Levisay v. Assurant Inc.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

Name: Evan B. Lange
Email: ELange@RobWiley.com
Address: 2613 Thomas Ave.
Telephone: 214-528-6500
City/State/Zip: Dallas, TX 75204
Fax: 214-528-6511
Signature: [signature]
State Bar No: 24089021

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Michael Levisay

Defendant(s)/Respondent(s): Assurant Inc.

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**

☒ Attorney for Plaintiff/Petitioner
☐ *Pro Se* Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: ______

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

***Civil***

**Contract**
*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:
*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability
List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—Pre-indictment
☐ Other:

**Employment**
☒ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

***Family Law***

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

***Probate & Mental Health***
*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

CERTIFIED A TRUE AND CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK
4/7/17 Date By [signature] Deputy Clerk

# EXHIBIT 4

Denton County District Clerk

## DOCUMENT RECORDS REQUEST FORM

*Requests for copies from case files are retained by this office and filed in the requested case.*
*This form will be available for public viewing in the same manner as the case records.*

**Please note**: Copies: $1.00 per page Record Search performed (Add $5.00) Yes (No)

Your name or Company name: CNS

Today's Date: 2/27/17

Clerk use only:

| Cause Number | Party Name(s) | Name of Document and date filed | Certify? | Pgs |
|---|---|---|---|---|
| 17-1593-393 | Levisay v. | original petition | no | 9 |
| One Case Number Per page please! | Assurant | 2/24/17 | | |
| | | page 1-9 | | |

FILED
2017 FEB 27 PM 1:22
SHERRI ADELSTEIN
DISTRICT CLERK DENTON CO., TX
BY ______ DEPUTY

CERTIFIED A TRUE AND CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK
4/7/17 By ______ Deputy Clerk
Date

Total charged: $ 9.00

Completed by Clerk: [signature]

# EXHIBIT 5

3-3-17
10:30 A
SCH 379

FILED: 3/23/2017 9:54:48 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Jennifer Stout, Deputy

# CITATION –TRC 99 and 106

THE STATE OF TEXAS　　　　COUNTY OF DENTON

**CAUSE NO. 17-1593-393**

**TO: Assurant Inc., may be served by serving Texas Secretary of State, P.O. Box 12079, Austin, TX 78711-2079 and by forwarding to Defendant at 260 Interstate North Cir. SE, Atlanta, GA 30339-2210; (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 393rd Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 17-1593-393 |
| Date of Filing: | February 24, 2017 |
| Document: | Plaintiff's Original Petition, Jury Demand, and Request for Disclosure |
| Parties in Suit: | Michael Levisay; Assurant Inc. |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Evan B. Lange<br>2613 Thomas Ave., Dallas, Texas 75204 |

Issued under my hand and seal of this said court on this the 2nd day of March, 2017.

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

BY: ______________________, Deputy
Alex Tuttle

**Service Return**

Came to hand on the _______ day of _______________, 20___, at ______m., and executed on the ______ day of __________________, 20___, at ______ M by delivering to the within named ______________________________ in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure, at ______________________________.

Service Fee: $ ____________　　　　______________________ Sheriff/Constable
______________________ County, Texas

Service ID No. ______________　　　　______________________ Deputy/Authorized Person

VERIFICATION

On this day personally appeared ______________________________ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _______ day of ______________________, 20__

______________________ Notary Public

CERTIFIED A TRUE AND CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK
4/7/17
Date
By:
Deputy Clerk

SH:
5.3.17
3:45

# EXHIBIT 6

**CAUSE NO. 17-1593-393**
**DENTON COUNTY 393RD JUDICIAL DISTRICT COURT**

**MICHAEL LEVISAY**
**VS.**
**ASSURANT, INC.**

---

**RETURN**

Came to my hand: March 2, 2017 at 3:45 p.m.

To: Assurant, Inc.
May be served by Serving the Texas Secretary of State
P.O. Box 12079
Austin, Tx 78711

__x_ Citation and copy
__x_ Plaintiff's Original Petition, Jury Demand and Request for Disclosure and copy
__x_ $55.00 Fee by check 3331
__x_ Cover Letter

Delivered by me on: March 3, 2017 at 10:30 a.m.

Delivered by me at: P.O. Box 12079, Austin, Tx 78711, in Travis County, by delivering to by delivering Assurant, Inc., by delivering to the Texas Secretary of State, its agent for service of process, via CMRRR: 7015.3010.0000.9604.0842, signed for by SPD/CPA, a true copy of the above specified civil process, having first endorsed on such copy the date of delivery. I am over eighteen (18) years of age and not a party to or interested in the outcome of this case. This return is attached to original process or a copy thereof.

**************************************************************

"My name is Alan R. Davis. My date of birth is 8/25/62. My address is P.O. Box 38066, Dallas, Texas, 75238. United States of America. I declare under penalty of perjury the foregoing is true and correct. Executed in Dallas County, Texas on March 23. 2017.

_______________________________
Alan R. Davis, Authorized Person, Declarant" SCH-399, Expires 7/31/17
P. O. Box 38066, Dallas, Tx 75238, (214) 893-8956
ad@investigationsltd.net



# EXHIBIT 7

**Alan R. Davis**

**P. O. Box 38066**
**Dallas, Texas 75238**

Cell: 214 893 8956 Email ad@investigationsltd.net

Texas Authorized Process Server No. SCH-399

Via CMRRR: 7015.3010.0000.9604.0842

Friday, March 03, 2017

Texas Secretary of State
Office of the Secretary of State
Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Re: Michael Levisay vs. Assurant, Inc.
17-1593-393 (Denton393rd Judicial District Court)
Serve: Assurant, Inc.

Dear Sir or Madam:

Enclosed is an original and copy of a Citation and Plaintiff's Original Petition, Jury Demand, and Request for Disclosure to Defendant Assurant, Inc. that per the Petition is being served upon the Secretary of State as Agent for Service of Process pursuant to Tex. Civ. Prac & Rem. Code 17.044(a)(1), and 17.044(b) and 17.045(a). Also enclosed is check 3331 in the amount of $55.00.

The Defendant's name and address:

Assurant, Inc.
260 Interstate North Cir. SE
Atlanta, GA 30339-2210

Please return the Certificate to:

Evan B. Lang
The Law Offices of Rob Wiley, P.C.
2613 Thomas Ave.
Dallas, Tx 75204

Sincerely,

Alan R. Davis



# USPS Tracking®

**Still Have Questions?**
Browse our FAQs ›

Get Easy Tracking U
**Sign up for My USPS.**

Tracking Number: **70153010000096040842**

Expected Delivery Day: **Monday, March 6, 2017**

## Product & Tracking Information

**Postal Product:** First-Class Mail®

**Features:** Certified Mail™ Return Receipt

**See tracking for related item:** 9590940307645196811841

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **March 6, 2017 , 10:45 am** | Delivered | **AUSTIN, TX 78711** |

Your item was delivered at 10 45 am on March 6 2017 in AUSTIN TX 78711.

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| March 6 2017 , 9 36 am | Arrived at Unit | AUSTIN, TX 78711 |
| March 6 2017 , 8 47 am | Departed USPS Facility | AUSTIN, TX 78710 |
| March 5 2017 , 2 42 pm | In Transit to Destination | |
| March 4 2017 , 2 42 pm | Arrived at USPS Destination Facility | AUSTIN, TX 78710 |
| March 3 2017 , 10 13 pm | Departed USPS Facility | NORTH TEXAS PROCESSING AND DISTRIBUTION CENTER |
| March 3 2017 , 9 55 pm | Arrived at USPS Origin Facility | NORTH TEXAS PROCESSING AND DISTRIBUTION CENTER |
| March 3, 2017 , 5:49 pm | Departed Post Office | DALLAS, TX 75238 |
| March 3 2017 , 10 24 am | Acceptance | DALLAS, TX 75238 |

## Available Actions

Text Updates

Email Updates

## Track Another Package

**Tracking (or receipt) number**

Track It

## Manage Incoming Package

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›

HELPFUL LINKS
Contact Us
Site Index
FAQs

ON ABOUT.USPS.COM
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

OTHER USPS SITES
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

LEGAL INFORMATION
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2017 USPS. All Rights Reserved.

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

AUSTIN, TX 78711

7015 3010 0000 9604 0842

Certified Mail Fee $3.35 0238
$2.75 07
Extra Services & Fees
$0.00
$0.00
$0.00
$0.00
Postage $1.82
Total $7.92

NORTHLAKE STATION MAR - 3 2017 USPS
03/03/2017

Texas Secretary of State, Agent for Service of Process for Assurant, Inc.
PO Box 12079
Austin, Tx 78711-2079

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Texas Secretary of State, Agent for
Service of Process for Assurant, Inc.
PO Box 12079
Austin, Tx 78711-2079

9590 9403 0764 5196 8118 41

2. Article Number *(Transfer from service label)*
7015 3010 0000 9604 0842

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* C. Date of Delivery

SPD/CPA

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

MAR 03 2017

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053 Domestic Return Receipt

DISTRICT COURT ★ COUNTY OF DENTON, TEXAS

# EXHIBIT 8

FILED: 4/7/2017 11:19:15 AM
SHERRI ADELSTEIN
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

**CAUSE NO. 17-1593-393**

| | | |
|---|---|---|
| **MICHAEL LEVISAY,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **393RD JUDICIAL DISTRICT** |
| | § | |
| **ASSURANT INC.,** | § | |
| | § | |
| *Defendant.* | § | **DENTON COUNTY, TEXAS** |

**DEFENDANT'S VERIFIED ORIGINAL ANSWER & AFFIRMATIVE DEFENSES**

Defendant The Signal, L.P., incorrectly named as Assurant, Inc. ("Defendant"),[1] hereby serves its Verified Original Answer and Affirmative Defenses to Plaintiff Michael Levisay's Original Petition, Jury Demand, and Request for Disclosure ("Petition") and states as follows:

**GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff Michael Levisay's ("Plaintiff") Petition, and demands strict proof thereof by a preponderance of the credible evidence, as required by the Constitution and laws of the State of Texas.

**FIRST VERIFIED DENIAL**

Pursuant to Texas Rule of Civil Procedure 93, Assurant, Inc. denies that it was Plaintiff's employer, and it denies that it is a proper party to this suit.

[1] Assurant, Inc. is an improperly named party to this litigation as The Signal, L.P. is the legal entity that operates the facility in question. Defendant does not object to Plaintiff amending his Petition to identify the correct part. To the extent an answer is required, Assurant, Inc. adopts the answer and defenses set forth herein by The Signal, L.P.

DISTRICT COURT DENTON COUNTY TEXAS

## AFFIRMATIVE AND OTHER DEFENSES

1. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show the contrary, Defendant pleads that all decisions made with respect to Plaintiff's employment were based on legitimate, non-discriminatory criteria and not because of retaliation or Plaintiff's alleged disability or any other legally protected status.

2. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show the contrary, Defendant pleads that Plaintiff's claims for damages are subject to all applicable statutory caps and limitations.

3. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show the contrary, Defendant pleads that Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with applicable procedural and administrative prerequisites including timely charge filing requirements and the exhaustion of all administrative remedies.

4. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show the contrary, Defendant pleads that it would have taken the same actions against Plaintiff in the absence of any alleged impermissible motivating factor.

5. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show the contrary, Defendant pleads that it has not acted with malice, reckless indifference, or gross negligence in terminating Plaintiff's employment.

6. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show the contrary, Defendant pleads

DISTRICT COURT COUNTY OF DENTON, TEXAS

that Plaintiff has failed to mitigate his alleged damages and that Defendant is entitled to an offset for any amount which was or could have been earned by Plaintiff.

7. Subject to and without waiving the foregoing, and in the alternative if necessary, without accepting any burden of proof on the matter, Defendant pleads that the claims and allegations made by Plaintiff are barred to the extent they exceed the reasonable scope and investigation of the charge of discrimination and retaliation he filed with the Equal Employment Opportunity Commission and/or the Texas Workforce Commission.

8. Subject to and without waiving the foregoing, and in the alternative if necessary, without accepting any burden of proof on the matter, Defendant pleads that Defendant's good faith efforts to prevent discrimination and retaliation in the workplace – and its good faith efforts to comply with Chapter 21 of the Texas Labor Code – bar Plaintiff from recovering punitive or exemplary damages, if any. Any action, if any, by an employee that is contrary to this effort is in violation of Defendant's policies and outside the course and scope of such employee's authority.

9. Subject to and without waiving the foregoing, and in the alternative if necessary, without accepting any burden of proof on the matter, Defendant asserts the undue hardship defense in connection with Plaintiff's claim that Defendant failed to provide a reasonable accommodation for his alleged disability.

10. Subject to and without waiving the foregoing, and in the alternative if necessary, without accepting any burden of proof on the matter, Defendant pleads that Plaintiff's claims for punitive and/or exemplary damages are unconstitutional and are unavailable.

11. Subject to and without waiving the foregoing, and in the alternative if necessary, without accepting any burden of proof on the matter, Defendant pleads that

DISTRICT COURT COUNTY OF DENTON, TEXAS

Plaintiff has failed to state a claim upon which relief can be granted, because the Petition fails to contain sufficient factual matter to state a claim to relief that is plausible on its face with respect to some of the alleged discriminatory or retaliatory actions.

12. Subject to and without waiving the foregoing, and in the alternative if necessary, without accepting any burden of proof on the matter, Defendant pleads that Plaintiff was employed at-will by Defendant and was subject to termination of employment for any legitimate reason, or for no reason at all.

13. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show the contrary, Defendant pleads that it exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

14. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show the contrary, Defendant pleads that Defendant Assurant, Inc. is not properly named as a defendant in this matter because it was not Plaintiff's employer.

15. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show the contrary, Defendant pleads that Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

Defendant reserves the right to assert any additional defenses as established by the facts of the case.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court order Plaintiff to take nothing by this suit and dismiss Plaintiff's claims with prejudice and

DISTRICT COURT ... OF DENT...

award Defendant its costs of court, and such other and further relief, either general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: */s/ Vicki L. Gillette*
Vicki L. Gillette
State Bar No. 08957325
Jamie Lauren Strickler
State Bar No. 24071192
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201.2931
Telephone: (214) 880-8100
Telecopy: (214) 880-0181
vgillette@littler.com
jstrickler@littler.com

**ATTORNEYS FOR DEFENDANT ASSURANT, INC.**

CERTIFIED A TRUE AND CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE
SHERRI ADELSTEIN
DENTON COUNTY CLERK
4/7/17 By: Deputy Clerk
Date

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this document has been served on counsel of record, according to the Texas Rules of Civil Procedure, on April 7th, 2017.

Evan B. Lange
Robert J. Wiley
THE LAW OFFICES OF ROB WILEY, P.C.
2613 Thomas Ave.
Dallas, Texas 75204
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
elange@robwiley.com

***Attorneys for Plaintiff***

*/s/ Vicki L. Gillette*
Vicki L. Gillette
Jamie Lauren Strickler

Firmwide:146756474.1 066383.1086

VERIFICATION

STATE OF TEXAS §
§
COUNTY OF [insert] Denton §

Before me, the undersigned notary, on this day personally appeared Jeremy Purvis, who, after being duly sworn, stated under oath that he is the General Manager for The Signal, L.P., and that he has been duly authorized to verify Defendant Assurant, Inc.'s Verified Original Answer & Affirmative Defenses to Plaintiff's Original Petition. He further stated that the facts contained in Defendant The Signal, L.P.'s First Verified Denial are based upon his personal knowledge and that he believes they are true and correct.

Jeremy Purvis

SUBSCRIBED AND SWORN TO BEFORE ME on this the 7th day of April, 2017.

Notary Public in and for the
State of Texas

My Commission Expires:

12-22-2020

CHARLES A. HEISER
Notary Public, State of Texas
Comm. Expires 12-22-2020
Notary ID 130940730

Firmwide:146756474.1 066383.1086

DISTRICT COURT
COUNTY OF DENTON, TEXAS

# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **MICHAEL LEVISAY,** | § | |
| | § | **Civil Action No.____________** |
| ***Plaintiff,*** | § | |
| | § | **Removed from:** |
| **v.** | § | |
| | § | **393rd Judicial District Court of** |
| **ASSURANT, INC,** | § | **Denton County, Texas** |
| | § | |
| ***Defendant.*** | § | |

**DECLARATION OF JEREMY PURVIS**

1. My name is Jeremy Purvis and I am over the age of 21 and fully competent to make this Declaration, which is based upon my personal knowledge.

2. I currently serve as a General Manager for The Signal, L.P. In connection with my job responsibilities as General Manager, I have personal knowledge of the place of incorporation and the principal place of business of Defendant The Signal, L.P.

3. The Signal, L.P. is a limited partnership organized under the laws of the State of Pennsylvania. The Signal, L.P.'s principal place of business is located in Wayne, Pennsylvania.

4. I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 10, 2017 in Lewisville, Texas

________________________
**Jeremy Purvis**

Firmwide:146762060.1 066383.1086